UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY HUDSON, *et al.*,

    Plaintiffs,

v.

PATRICIA CARUSO, *et al.*,

    Defendants.
_____/

CASE NO. 1:10-CV-58

HON. ROBERT J. JONKER

## **ORDER APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 92), Plaintiffs' Objections to the Report and Recommendation (docket # 95), and Plaintiffs' Addendum to Objections to the Report and Recommendation (docket # 97). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiffs' objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Plaintiffs assert a series of claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and 42 U.S.C. § 1983 based on Defendants' alleged refusal to accommodate their religiously based need for a particular diet and for access to certain clothing and prayer aids. In his Report and Recommendation, Magistrate Judge Brenneman recommends that Plaintiffs' motions for class certification, preliminary injunction and appointment of counsel (docket # 10) be denied; that Plaintiffs' second motion for preliminary injunction (docket # 15) be denied; that Defendants' motion to dismiss certain RLUIPA claims (docket # 59) be denied; and that Defendants' motion for summary judgment on all claims for failure to exhaust (docket # 31) be granted. Plaintiffs present a series of broad objections to the Report and Recommendation, many of which reiterate arguments from Plaintiffs' earlier motion papers. None of the objections warrant significant discussion because Plaintiffs cannot overcome their fundamental failure to exhaust their grievances administratively.

Exhaustion is the dispositive issue in the case, and the Magistrate Judge properly recommended summary judgment for the Defendants based on Plaintiffs' failure to exhaust. There is no factual dispute on this issue. Plaintiffs admit they did not file and exhaust grievances on these issues. Instead, they claim they had no obligation to exhaust because their claims attack MDOC policies, and that the only way to challenge these policies internally is through the Warden's Forum, not the normal administrative process. The Magistrate Judge properly rejected this claim and found

based on established case law that the normal grievance process remains in effect when a prisoner is complaining about the application of MDOC policies to his own case. Plaintiffs object to the conclusion (their fourth objection), but they fail to undercut in any way the soundness of the Magistrate Judge's analysis. Plaintiffs reiterate their claim that certain issues could be exhausted only by directing comments to the Warden's Forum, and they assert generally that the evidentiary record does not adequately support the conclusion that Plaintiffs could have exhausted their claims through the customary grievance procedure. (Obj., docket # 95, at 6-9.) The Court disagrees. The Report and Recommendation has already properly addressed both arguments, and Plaintiffs' objection does not change the analysis. (*See* Report and Recommendation, docket # 92, at 10-13.) Because Plaintiffs failed to exhaust their claims, Defendants are entitled to summary judgment.

The remaining objections are easily resolved. First, Plaintiffs dispute the Magistrate Judge's summary of the § 1983 damages Plaintiffs claim. (Obj., docket # 58, at 2.) The summary does not affect the legal analysis in any way; consequently, neither does Plaintiffs' first objection. Second, Plaintiffs generally object to the recommended denial of class certification and appointment of counsel. (*Id.* at 3-4.) The absence of specific objections is enough, standing alone, to reject this objection. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004)("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."). Moreover, the Report and Recommendation properly recommends denial of these motions. Third, Plaintiffs object to the Magistrate Judge's finding that Plaintiffs do not seek money damages under RLUIPA. (Obj., docket # 95, at 4-5). This objection is unpersuasive. The Magistrate Judge notes correctly that "[t]o the extent that plaintiffs' response argues that they are entitled to damages for RLUIPA

violations, such arguments are contrary to the allegations in their complaint." (Report and Recommendation, docket # 92, at 7.) All damage claims arise under § 1983.

Finally, Plaintiffs object to the Magistrate Judge's recommendation that the Court deny the motion for preliminary injunction. (Obj., docket # 95, at 9-10.) For the most part, the objection concerns an earlier motion for preliminary injunction (docket # 40) the Court decided last year (docket ## 48, 53). That motion is not properly before the Court and has nothing to do with motions for preliminary injunction addressed in the Report and Recommendation.

Plaintiffs also appeal the Magistrate Judge's order denying motions for intervention and joinder (*see* docket ## 91, 99). In considering an appeal of a Magistrate Judge's ruling on a nondispositive pre-trial motion, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72.2 (District judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law.) A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Upon careful review of the record and applicable law, the Court finds the Magistrate Judge's ruling on Plaintiffs' nondispositive motion neither clearly erroneous nor contrary to law. The Magistrate Judge correctly pointed out that the motions to intervene lack supporting

briefs and fail to state with particularity the grounds for seeking the order. (Order Denying Motion for Intervention and Joinder, docket # 91.)

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 92) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for class certification, preliminary injunction and appointment of counsel (docket # 10) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' second motion for preliminary injunction (docket # 15) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (docket # 59) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (docket # 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order Denying Motions for Intervention and Joinder (docket # 91) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** in its entirety.

Dated:   March 18, 2011             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE